FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2018 AUG -3 PM 5:12

CLERK-LAS CRUCES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 2:18 CR-02323 KG ) |
| STEVEN JAMES VAILLANCOURT, II, | ) ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **STEVEN JAMES VAILLANCOURT, II,** and the defendant's counsel, JOSE CORONADO:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the defendant's rights:

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

    d.  against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant agrees to waive these rights and to plead guilty to Counts 1, 3, 4 and 5 of the Indictment charging one count of Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), 2252A(b)(1), and three counts of Possession of Material Containing Images of Child Pornography Involving Prepubescent Minors, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2).

## ELEMENTS OF THE OFFENSES

4. If this matter proceeded to trial, the defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for each violation of the charges listed below:

Count 1: 18 U.S.C. §§ 2252A(a)(2), 2252A(b)(1): Distribution of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct:

- *First:* the defendant knowingly distributed a visual depiction of a minor[1] engaging in sexually explicit conduct ("child pornography"), as defined in 18 U.S.C. § 2256(2)(A);
- *Second:* using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and
- *Third:* when the defendant distributed the visual depiction, the defendant knew the visual depiction contained child pornography.

Counts 3-5: 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2): Possession of Material Containing Images of Child Pornography Involving Prepubescent Minors:

- *First:* the defendant knowingly possessed any matter that contained an image or images of child pornography and at least one image depicted a minor who had not attained the age of 12;
- *Second:* that such child pornography had been transported in interstate or foreign commerce by any means, including by computer, or that such child

---

[1] Under federal law, a minor is anyone under the age of eighteen years old. 18 U.S.C. § 2256(1).

pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and

*Third:* the defendant knew that the material was child pornography.

## SENTENCING

5. As to Count 1, the defendant understands that the minimum and maximum penalty the Court can impose as to each count is:

   a. imprisonment for a period of not less than five (5) years and not more than twenty (20) years;

   b. a fine not to exceed $250,000.00;

   c. a term of supervised release of not less than five years and up to life to follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked — even on the last day of the term — and the defendant could then be returned to another period of incarceration and a new term of supervised release.);

   d. a mandatory special penalty assessment of $100.00;

   e. an additional special penalty assessment of $5,000.00 pursuant to 18 U.S.C. § 3014(a); and

   f. restitution as may be ordered by the Court.

6. As to Counts 3-5, the defendant understands that the minimum and maximum penalty the Court can impose as to each count is:

   a. imprisonment for a period of not more than twenty (20) years;

   b. a fine not to exceed $250,000.00;

   c. a term of supervised release of not less than five years and up to life to follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked — even on the last day of the term — and the defendant could then be returned to another period of incarceration and a new term of supervised release.);

        d.    a mandatory special penalty assessment of $100.00;

        e.    an additional special penalty assessment of $5,000.00 pursuant to 18 U.S.C. § 3014(a); and

        f.    restitution as may be ordered by the Court.

7.    The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

8.    It is expressly understood and agreed by and between the defendant and the United States that:

        a.    The United States has made, and will make, NO AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence is the appropriate disposition of this case.

        b.    The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the stipulations agreed to below.

        c.    The United States hereby expressly reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

        d.    Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any

4

subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement.

### DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**Count 1:**

**On March 12, 2018, I was communicating via text with someone who is identified as M1 in the criminal complaint. During the text message exchange, I directed M1 to lie down with her eleven year old son wearing just a t-shirt and a thong "so that [her] cheeks are bare." I additionally stated that M1 should spoon the minor and then place her hand on the minor's penis and place her bare butt cheeks against the minor's penis. M1 then asked me if I wanted any pictures and I responded, "Only if there are pics you can take safely. You k ow what I'd like to have pics of :)" M1 then asked me, "And what is that?" In response to this question, I said, "this dammit," and then sent six photos of male penises and anuses. I then texted "here is one wrapped up nice." Then I texted, "even little cocks need attention." I then sent two images that I knew constituted child pornography. The picture referenced in Count 1 of the Indictment depicts a small male penis with no visible sign of pubic hair. The photo is focused on the unclothed genital area only. Following that, I sent a text that said, "get the idea with those pics?" I sent the pictures with my Apple iPhone. I now know that iPhones are manufactured in China, Taiwan, Thailand, Malaysia, Singapore, South Korea, the Czech Republic, Philippines, and California. Thus, I recognize that that the iPhone had to travel in foreign or instate commerce to be present in New Mexico.**

Count 3:

On March 13, 2018, law enforcement executed a search warrant at my home. During the search of my house, they located an 8HD hard drive; model number: WD400BR0PAUA1; serial number: WD-WMA6R1348854. There are approximately 140 images of child pornography on this device. One image shows a prepubescent male being anally penetrated by an adult male. Another image shows a toddler female being vaginally penetrated by a male. I knew that the images of child pornography were on the device and I admit that I knowingly possessed the device. This device was manufactured in Malaysia and thus traveled in foreign commerce to be present in New Mexico.

Count 4:

On March 13, 2018, law enforcement executed a search warrant at my home. During the search of my house, they located a 12HD hard drive; model number: WDC AC313000R; serial number:WD-WM6760583215. There are approximately 1001 images and 3 videos of child pornography on this device. One image shows a naked five year old female being vaginally penetrated by an adult male penis. I knew that the images of child pornography were on the device and I admit that I knowingly possessed the device. This device was manufactured in Malaysia and thus traveled in foreign commerce to be present in New Mexico.

Count 5:

On March 13, 2018, law enforcement executed a search warrant at my home. During the search of my house, they located a 16EX hard drive; model number: WD2500JB-55gva0; serial number: WCAL71126080. There are approximately 5,290 images and 87 videos of child pornography on this device. One of the images shows a passed out seven year old on a bed while an adult male digitally penetrates her vagina with his finger. I knew that the images of child pornography were on the device and I admit that I knowingly possessed the device. This device was manufactured in Thailand and thus traveled in foreign commerce to be present in New Mexico.

10.     By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant is pleading guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

11. The United States and the defendant stipulate as follows:

    a. Pursuant to USSG § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, so long as the defendant continues to accept responsibility for the defendant's criminal conduct, the defendant is entitled to a reduction of two (2) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

    b. Provided the defendant meets the requirements of USSG § 3E1.1(b), the government agrees to move for a reduction of one (1) additional level from the base offense level as calculated under the sentencing guidelines.

    c. Apart from the provisions in this plea agreement, the United States and the defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines and adjustments under the guidelines.

    d. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the

defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

12. The defendant understands the defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The defendant represents that the defendant has complied with and will continue to comply with this obligation.

13. The defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence. The defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court varies from the advisory guideline range, the defendant will not seek to withdraw the defendant's plea of guilty. In other words, regardless of any stipulations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.

14. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, the defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to

prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## DEFENDANT'S OBLIGATIONS

15. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to Defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

## RESTITUTION

16. The defendant understands that restitution is this case is mandatory, pursuant to 18 U.S.C. § 2259. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw the defendant's guilty plea. The defendant further agrees to comply with any restitution order entered into at the time of sentencing. The defendant further agrees that the defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. The defendant agrees to make full restitution for the provable losses caused by the defendant's activities. The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

17. The defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, the defendant agrees that, before sentencing, the defendant shall provide to the United States, under penalty of perjury, a financial statement which

...
...

shall identify all assets owned or held directly or indirectly by the defendant. The defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since July 24, 2013, including the location of the assets and the identity of any third party.

18. The parties will jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. See 18 U.S.C. § 3664(k), (n).

19. The parties will also jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, before the defendant transfers any interest in property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k), (n).

20. The defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and will be subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

## FORFEITURE

21. The defendant voluntarily and immediately agrees to the administrative, civil, or criminal forfeiture to the United States all of the defendant's right, title, and interest in the following assets and properties:

   a. 8HD hard drive; model number: WD400BR0PAUA1; serial number: WD-WMA6R1348854;
   b. 12HD hard drive; model number: WDC AC313000R; serial number: WD-WM6760583215;
   c. 16EX hard drive; model number: WD2500JB-55gva0; serial number: WCAL71126080;
   d. Any other seized computer or various media and electronic devices or computer-related media that contains evidence or was an instrumentality of a violation of 18 U.S.C. §§ 2251 or 2252A.

22. The defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the defendant's interest in the above-described property to the United States.

23. The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

24. The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## SEX OFFENDER REGISTRATION AND NOTIFICATION

25. The defendant understands that by pleading guilty, the defendant will be required to register as a sex offender upon the defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, the defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the defendant's life. The defendant understands that the defendant shall keep the defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change. The defendant shall comply with requirements to periodically verify in person the defendant's sex offender registration information. The defendant understands that the defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

26. As a condition of supervised release, the defendant shall initially register with the state sex offender registration in New Mexico, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

27. The defendant has been advised, and understands, that failure to comply with these

obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## WAIVER OF APPEAL RIGHTS

28. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, including any fine, within the statutory maximum authorized by law, as well as any order of restitution entered by the Court. In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

29. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees that the United States will not bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Indictment, with the exception of Production, Attempted Production, or Conspiracy to Produce Child Pornography, in violation of 18 U.S.C. §§ 2251(a), (e). Specifically, if the United States finds evidence of any violation under 18 U.S.C. § 2251 by the defendant in any of the seized items from the defendants home, the United States is not precluded from bringing those additional charges. The United States also agrees to move to dismiss Count 2 of the Indictment at the time of sentencing.

30. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

31. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). There have been no representations or promises from anyone as to what sentence the Court will impose. The defendant also represents that the defendant is pleading guilty because the defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

32. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

33. At the time of sentencing, the defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the United States District Court in the amount of either $400.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

34. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of Defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement

is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this 3rd day of August, 2018.

JOHN C. ANDERSON
United States Attorney

MARISA A. ONG
Assistant United States Attorney
200 N. Church Street
Las Cruces, New Mexico 88001
(575) 522-2304 – Telephone
(575) 522-2391 – Facsimile

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

STEVEN JAMES VAILLANCOURT, II
Defendant

I am the attorney for STEVEN JAMES VAILLANCOURT, II. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

JOSE CORONADO
Attorney for Defendant

15